IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARLON LANDIZA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>KARIN L. HOLMA, STATE OF HAWAII, RENEE M. FURUTA-BARNUM, NELSON & KENNARD, ATTORNEYS AT LAW, ONEMAIN FINANCIAL (HI) INC.,<br><br>　　　　　Defendants. | CIV. NO. 22-00380 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO REMAND ACTION |

**FINDINGS AND RECOMMENDATION TO REMAND ACTION**

Before the Court is Defendant, incorrectly identified as Plaintiff in this action, Marlon Landiza's *Notice of Removal to United States District Court* ("Notice" or "Notice of Removal"), filed on August 16, 2022. ECF No. 1. The state court proceeding that Defendant seeks to remove to federal court, 1DRC-22-0000608, was filed on January 28, 2022, in the District Court of the First Circuit, Koolaupoko Division, State of Hawaii, by Plaintiff One Main Financial (HI) Inc. against Defendant Marlon Landiza. ECF No. 5-1. The *Notice of Removal* incorrectly names Defendant Marlon Landiza as the plaintiff and Plaintiff OneMain Financial (HI) Inc. as the defendant. The *Notice* also names several

other defendants, Karin L. Holma, Rene M. Furuta-Barnum, and Nelson & Kennard, Attorneys at Law.  However, removal of a case from state court does not convert the Defendant into a plaintiff.

Nonetheless, Defendant is proceeding pro se.  The Court is required to construe the pleadings of pro se litigants liberally.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).  Defendant claims the removal is based on "violations against [Defendant's] civil and constitutional rights." ECF No. 1 at PageID.1.  The *Notice of Removal* is thus construed as seeking removal based on federal question pursuant to 28 U.S.C. § 1331.  The Court may *sua sponte* address whether federal jurisdiction exists even if the Plaintiff does not contest removal jurisdiction.  *See* 28 U.S.C. § 1447(c).

The Court elects to decide the issue of federal jurisdiction without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After careful consideration of the *Notice of Removal*, records in this case and applicable law, the Court *sua sponte* **FINDS** that the removal is untimely and that this Court lacks jurisdiction.  Accordingly, the Court **RECOMMENDS** that this action be **REMANDED** to the District Court of the First Circuit, Koolaupoko Division, State of Hawaii.

## BACKGROUND

Defendant, incorrectly identified as Plaintiff in this action, filed a *Notice of Removal* on August 16, 2022.  On that same day, the district court issued a *Deficiency Order* (ECF No. 2) because Defendant, incorrectly identified as Plaintiff, had not paid the filing fee or submitted an application to proceed in forma pauperis under 28 U.S.C. § 1915.  Defendant, incorrectly identified as Plaintiff, was granted twenty-eight days from the filing of the *Deficiency Order* to either pay the filing fee or submit a complete, executed application to proceed in forma pauperis.  *Id.*  To date, Defendant, incorrectly identified as Plaintiff, has not paid the fee and has not filed an application to proceed in forma pauperis.

On October 12, 2022, there was a transmittal of documents from the District Court of the First Circuit, State of Hawaii.  ECF No. 5.  The transmittal contained, among other things, the operative *Complaint* (ECF No. 5-3) and *Return of Service* (ECF No. 5-5) of the State of Hawaii case.

## DISCUSSION

In evaluating whether removal is proper, the Court notes that "[r]emoval and subject matter jurisdiction statutes are strictly construed" against removal.  *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serving LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)) (internal quotations omitted).  There is a "strong presumption against

3

removal jurisdiction . . . and . . . the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) (internal quotations omitted). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. *Id.*

### A.     The *Notice of Removal* is Deficient

The *Notice* is deficient in that the Defendant, incorrectly identified as Plaintiff, failed to include a copy of the operative Complaint filed in the District Court of the First Circuit, Koolaupoko Division, State of Hawaii. *See* 28 U.S.C. § 1446(a) (requiring that the defendant seeking removal file a notice of removal containing a short, plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the defendant). Failure to comply with 28 U.S.C. § 1446(a) is a violation of, among other things, LR81.1(a), which requires that "[p]ro se litigants shall abide by all local, federal, and other applicable rules and/or statutes." Defendant's failure to include a copy of the *Complaint* prevents the court from determining whether removal is proper and leaves this case with no operative pleading. The *Notice* is also deficient in that Defendant, incorrectly identified as Plaintiff, failed to comply with the *Deficiency Order* and did not pay the fee or file an application to proceed in forma pauperis. Based on these considerations alone, this action should be remanded.

Nevertheless, even if the Court liberally construes the *Notice* and/or extends the deadline set forth in the *Deficiency Order*, it is not merely procedural requirements that have not been met. The *Notice* should also be remanded as it is untimely and there is no federal question jurisdiction in this case.

B.     **The *Notice of Removal* is Untimely**

The Notice is untimely under 28 U.S.C. § 1446(b)(1). This statute states:

(b) Requirements; Generally.—

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* In evaluating the timeliness of the removal, the courts are not required to "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) (citing *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)). The Court may "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Id.* The Summons and *Complaint* was served on

5

February 6, 2022.  ECF No. 5-5.  The deadline to file the *Notice* was thirty days from the date of service or March 8, 2022.  Defendant, incorrectly identified as Plaintiff in this action, filed her *Notice* on August 16, 2022, which is over five months after the deadline set forth under 28 U.S.C. § 1446(b)(1).  The *Notice* is thus untimely and time-barred.

### C. The *Notice of Removal* Fails to Establish Federal Jurisdiction

The Court *sua sponte* evaluates whether federal question jurisdiction[1] exists.  Defendant has the burden of establishing federal jurisdiction.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  Generally, a state court action "may be removed by the defendant . . . to the district court of the United States" based on federal question pursuant to 28 U.S.C. § 1441 or diversity of citizenship pursuant to 28 U.S.C. § 1332.  28 U.S.C. § 1441(a).  "[T]he defendant must state the basis for removal jurisdiction in the petition for removal" or in this case, in the

---

[1] Defendant, incorrectly identified as Plaintiff, did not allege or make any argument in support of diversity jurisdiction in the *Notice*.  Based on this alone, the Court need not consider whether federal jurisdiction is proper under diversity jurisdiction.  However, even if the Court considered whether removal is appropriate under diversity jurisdiction, the amount in controversy according to the *Complaint* is $25,054.75.20, which is less than the required $75,000 under 28 U.S.C. 1332(a).  ECF No. 5-3.  The *Notice* does not allege that the amount in controversy otherwise meets the $75,000 threshold.  Nor does the *Notice* allege the citizenship of the parties or any argument as to why diversity should apply in this case.

*Notice of Removal. O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988).

In support of removal jurisdiction, the *Notice* contains the following conclusory statement: "There have been, and continue to be, violations against the civil and constitutional rights of the undersigned [Defendant] in this cause, and which have not been duly protected." ECF No. 1 at PageID.1. Defendant, incorrectly identified as Plaintiff in this action, does not make any other argument or allege any facts in support of the *Notice's* claim that federal question jurisdiction exists. "The United States Supreme Court has 'long held that '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Homestreet Bank v. Caba*, Civ. No. 18-00139 DKW-KJM, 2018 WL 2709371, at *2 (D. Haw. May 17, 2018) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted).

> [S]ince the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables [the plaintiff], "by eschewing claims based on federal law, . . . to have the cause heard in state court." The federal issue must thus "be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."

*Homestreet Bank*, 2018 WL 2709371, at *2 (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Lockyer v. Dynegy, Inc.*, 375

7

F.3d 831, 838 (9th Cir. 2004)) (citations omitted).  The *Complaint*, on its face, does not make any allegations that would invoke federal question jurisdiction.  ECF No. 5-3.  The *Complaint* merely alleges that Defendant owes Plaintiff in the amount of $25,054.75 and does not allege any claims "which the district courts of the United States have original jurisdiction."  *Homestreet Bank*, 2018 WL 2709371, at *2 (citing *Rivet*, 522 U.S. at 474).  The Court thus finds that there is no federal question on the face of the properly pleaded Complaint and that this case should be remanded.

## CONCLUSION

The Court **FINDS** that the removal of this action was improper.  The Court **FINDS** that the *Notice* is deficient and untimely, and that this Court lacks jurisdiction.  The Court thus **RECOMMENDS** that this case be remanded to the District Court of the First Circuit, Koolaupoko Division, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 20, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 22-00380 DKW-RT;  *Marlon Landiza vs. Karin L. Holma, et al.*; Findings and Recommendation to Remand Action